CHARLES FRITH v. STATE OF MISSISSIPPI.

[52 South. 786.]

CRIMINAL LAW AND PROCEDURE. *Obstructing justice. Resisting process. Code* 1906, §§ 1297, 1298.

A conviction for a violation of Code 1906, § 1298, making it a crime for any person by threats or force to attempt to intimidate a judge, justice of the peace, juror, witness or officer in the discharge of his duty, is not warranted under an indictment predicated of Code 1906, § 1297, making it a misdemeanor to knowingly and wilfully resist the execution of process.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

Frith, appellant, was indicted for resisting an officer, was tried, convicted and sentenced and appealed to the supreme court.

The indictment, omitting formal parts, charges that George Frith and Charles Frith, "on the 15th day of February, A. D. 1909, at the county aforesaid, did then and there unlawfully, wilfully, and knowingly oppose and resist an officer, to wit, D. J. Wall, Jr., a regularly elected, qualified, and acting justice of the peace of said county and state, who was authorized under the law to execute a writ, by then and there unlawfully and wilfully preventing the said D. J. Wall, Jr., officer as aforesaid, by force from executing a legal writ on the said George and Charles

Frith, and did then and there unlawfully and wilfully prevent and refuse to be arrested by the said D. J. Wall, Jr., they having violated the law in presence of the said D. J. Wall, Jr., by then and there cursing in a public place in the presence of two or more persons, by then and there saying 'you God damn son of a bitch,' and other profane language, to the grand jurors unknown, contrary to the statute," etc.

The verdict of the jury was as follows: "We, the jury, find the defendant, Charles Frith, guilty of resisting an officer."

Code 1906, § 1297, is as follows: *"Obstructing Justice— Resisting Process.*—Any person who knowingly and wilfully opposes or resists any officer or other authorized person in serving or attempting to serve or execute any legal writ or process, shall be guilty of a misdemeanor."

Code 1906, § 1298, is as follows: *"The Same—Intimidating Judge, Juror, Witness, etc.*—If any person, by threats or force, attempt to intimidate or impede a judge, justice of the peace, juror, witness, or any officer in the discharge of his duty, or to obstruct or impede the administration of justice in any court, he shall, upon conviction, be punished by imprisonment in the county jail not less than one month nor more than six months, and by fine not exceeding three hundred dollars."

*R. S. Stewart* and *Clem V. Ratcliff,* for appellant.

The motion of appellant to exclude the testimony offered in behalf of the state, and to direct the acquittal of appellant should have been sustained in the lower court, because there was a fatal variance between the allegations in the indictment, and the proof offered to sustain it, and because Code 1906, § 1297, under which appellant was indicted, is a penal statute, and it is elementary that it should have been strictly construed, and the proof to warrant a conviction should have conformed to it. *Sample v. Town of Verona,* 94 Miss. 264, 48 South. 2;

*Commissioners, etc. v. Insurance Co.,* 51 South. 2. Before a conviction could legally be had it was essential for the state to show that the officer was authorized to execute the writ; that he actually had the writ of process; that the appellant knowingly resisted the execution thereof, or the attempted execution thereof. The state having wholly failed to do this, the trial court committed reversible error in refusing to grant appellant the peremptory instruction asked for. Code 1906, § 1297.

If it be true that the officer was legally charged with the duty of arresting appellant, and that it was necessary for him to have a writ of process for that purpose, then we still urge that the peremptory instruction should have been granted in favor of appellant, because the indictment did charge the resistence of process, and the evidence as to what appellant did and said, did not prove a resistance, or show that appellant knew Wall to be an officer who was authorized to arrest him.

*Carl Fox,* assistant attorney-general, for appellee.

The indictment clearly charges an offense under Code 1906, § 1298. It charges that appellant did then and there unlawfully, wilfully and knowingly resist and oppose an officer, to wit, D. J. Wall, Jr., a regularly qualified and acting justice of the peace, by then and there unlawfully, etc., preventing said officer, by force, from executing a legal writ on the said Charles Frith, and did then and there unlawfully, etc., prevent and refuse to be arrested by the said officer, though having violated the law in the presence of the said J. D. Wall, Jr., by cursing in a public place in the presence of two or more persons.

It is perfectly evident from the allegation of the indictment "having violated the law in the presence of D. J. Wall, Jr., by then and there cursing," that it became the duty of the officer, as a conservator of the peace, to arrest appellant. It is furthermore alleged that "appellant then and there, by force, threats

and intimidation, attempted to impede an officer in the discharge of his duty, in violation of Code 1906, § 1298.

In the case of *Wilson v. State,* 80 Miss. 388, which was a prosecution under Code 1906, § 1298, this court held that it was only necessary for the offense to be substantially charged in the language of the statute. In this case there can be no doubt that the offense defined in Code 1906, § 1298, is substantially charged in the indictment.

WHITFIELD, C.

The indictment in this case was manifestly drawn under Code 1906, § 1297. The proof wholly fails to sustain this indictment. The learned assistant attorney-general endeavors to save the case by insisting that it was a good indictment under the next section (§ 1298), but the contention is wholly untenable. The language of the indictment does not suit that section at all.

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein stated the judgment is reversed and the cause remanded.

*Reversed.*